IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | § § § § | |
| Plaintiff/Counter-Defendant, | § § | Civil Action No. C-06-315 |
| v. | § § § | |
| DAVIS-RUIZ CORPORATION, D/B/A ADVANTAGE INSPECTION, | § § § | |
| Defendant/Counter-Claimant. | § § | |

_____

|  |  |  |
|---|---|---|
| DAVIS-RUIZ CORPORATION, D/B/A ADVANTAGE INSPECTION, | § § § § | |
| Plaintiff, | § § | Civil Action No. C-06-350 |
| v. | § § § § | |
| MID-CONTINENT CASUALTY COMPANY, | § § § | |
| Defendant. | § § | |

## **ORDER**

Davis-Ruiz Corp., D/B/A Advantage Inspection ("Davis-Ruiz") and Mid-Continent Casualty Company ("Mid-Continent") have filed two lawsuits arising out of the same factual situation. Both cases are currently pending before this Court. (Case Nos. 06-315 and 06-350).

Mid-Continent filed Case No. 06-315 against Davis-Ruiz on July

21, 2006. Mid-Continent is seeking a declaratory judgment that it does not have an obligation to pay its insured Davis-Ruiz under the terms of the relevant insurance policy (D.E. 1, Case No. 06-315).

On June 6, 2006, Davis-Ruiz filed a complaint against Mid-Continent in the 148th Judicial District Court of Nueces County, Texas. Davis-Ruiz brought causes of action against Mid-Continent for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices and Consumer Protection Act. (D.E. 2. Exh. 5, Case No. 06-350). Mid-Continent was served with Davis-Ruiz' complaint on July 21, 2006, and Mid-Continent removed the case to this Court on August 8, 2006. The case is currently pending before this Court as Case No. 06-350.

Because these two actions involve identical parties and common questions of law and fact, consolidation of these cases is proper pursuant to Fed. R. Civ. P. 42(a) ("when actions involving a common question of law or fact are pending before the court ... it may order all the actions consolidated"); see also Miller v. United States Postal Serv., 729 F.2d 1022, 1036 (5th Cir. 1984). Moreover, "[a] motion to consolidate is not required, the court may invoke Rule 42(a) sua sponte." Id.

The Court held an initial pretrial and scheduling conference in Case No. 06-315 on September 7, 2006. At that conference, both Mid-Continent and Davis-Ruiz agreed to convert their pleadings into

competing Motions for Summary Judgment on the issue of whether Mid-Continent has a duty to defend Davis-Ruiz in the underlying Illinois state court litigation, pursuant to the Texas "eight corners rule" for duty to defend cases.[1]  See Gulf Chem. & Metallurgical Corp. v. Associated Metals & Minerals Corp., 1 F.3d 365, 369 (5th Cir. 1993) (the eight corners rule "requires the trier of fact to examine only the allegations in the [underlying] complaint and the insurance policy in determining whether a duty to defend exists.").

In light of the foregoing, this Court ORDERS as follows:

(1) The above-styled actions, Case Nos. 06-315 and 06-350, are hereby consolidated.  Case No. 06-350 is designated as the lead case, and Case No. 06-315 is designated as a member case (per Local Rule 7.6, which designates the "oldest case" as the case filed first in any court, state or federal).  All future pleadings shall be filed in Case No. 06-350.  The caption of both cases will be re-aligned to conform to the above-styled caption.

(2) The initial pretrial and scheduling conference currently scheduled for Case No. 06-350 on September 22, 2006, at 1:15 p.m (D.E. 3) is hereby cancelled.

---

[1] The underlying Illinois state court litigation is Williamson v. Marathon Ashland Petroleum, LLC v. Advantage Inspection, Case No. 2004-L-5, Second Judicial Circuit Court, Crawford County, Illinois (hereinafter, the "Williamson litigation").

(3) On August 7, 2006, Davis-Ruiz filed an opposed motion to dismiss or to abate (D.E. 7, Case No. 06-315), on the grounds that Case No. 06-315 was a duplication of Davis-Ruiz' state court action against Mid-Continent. Mid-Continent has since removed that case to this Court (Case No. 06-350), and the cases are now consolidated. Accordingly, Davis-Ruiz' motion to dismiss or to abate is hereby MOOT.

(4) Mid-Continent and Davis-Ruiz' pleadings are hereby converted into competing Motions for Summary Judgment on the issue of whether Mid-Continent has a duty to defend Davis-Ruiz in the underlying Williamson litigation.

SIGNED and ENTERED this 7th day of September, 2006.

_____
Janis Graham Jack
United States District Judge