IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | Civil Action No. C-06-315 |
| DAVIS-RUIZ CORPORATION, D/B/A ADVANTAGE INSPECTION, | § § § | |
| Defendant/Counter-Claimant. | § § | |

_____

|  |  |  |
|---|---|---|
| DAVIS-RUIZ CORPORATION, D/B/A ADVANTAGE INSPECTION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. C-06-350 |
| MID-CONTINENT CASUALTY COMPANY, | § § § | |
| Defendant. | § § | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Pending is Davis-Ruiz Corporation, D/B/A Advantage Inspection's ("Davis-Ruiz") request for oral hearing and motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (C.A. No. C-06-350, D.E. 9, 10, 11), requesting that the Court alter or amend its Order Granting Mid-Continent Casualty Company's ("Mid-Continent") motion for summary judgment and denying Davis-Ruiz' motion for summary judgment (C.A. No. C-06-350, D.E. 8). Mid-Continent has filed a response in opposition (C.A. No. C-06-350, D.E. 12). For the reasons set forth below,

Davis-Ruiz' motion for reconsideration is DENIED.

## I.   Jurisdiction

The Court has diversity jurisdiction over this consolidated action pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## II.  Factual and Procedural Background

The suit before this Court arises out of a personal injury action that is currently pending in state district court in Crawford County, Illinois.[1]  In the personal injury action, Lang Williamson ("Williamson") is suing Marathon Ashland Petroleum, LLC ("Marathon), on various theories of tort liability.  Williamson claims that on October 17, 2002, he was making repairs to a tank owned by Marathon, when the ladder attached to the tank broke, causing him to suffer personal injuries.  Marathon, in turn, sued Davis-Ruiz, alleging that Davis-Ruiz had inspected the ladder prior to the accident and certified it to be safe.  Davis-Ruiz looked to its insurance company, Mid-Continent, to defend, and it denied coverage.

On June 6, 2006, Davis-Ruiz filed a state court complaint against Mid-Continent in Nueces County, Texas, alleging, *inter alia,* breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code.

---

[1] Williamson v. Marathon Ashland Petroleum, LLC v. Advantage Inspection, Case No. 2004-L-5, Second Judicial Circuit Court, Crawford County, Illinois.

On July 21, 2006, Mid-Continent filed suit against Davis-Ruiz in this Court, C.A. No. 06-315, seeking a declaratory judgment that it does not have a duty to defend or pay under the relevant insurance policy.

On August 8, 2006, the Nueces County action was removed to this Court and assigned C.A. No. C-06-350.

On September 7, 2006, the Court consolidated the cases as they contain identical parties and common questions of law and fact. See Fed. R. Civ. P. 42(a); see also Miller v. United States Postal Serv., 729 F.2d 1022, 1036 (5th Cir. 1984).  On that same date, an initial pretrial and scheduling conference was held, at which Mid-Continent and Davis-Ruiz agreed to convert their pleadings to competing oral motions for summary judgment on the issue of whether Mid-Continent has a duty to defend Davis-Ruiz in the underlying Illinois state court litigation.  The agreement was memorialized in this Court's Order Consolidating Cases (see C.A. No. 06-315, D.E. 12; C.A. No. 06-350, D.E. 7), and provides in relevant part:

> Mid-Continent and Davis-Ruiz' pleadings are hereby converted into competing Motions for Summary Judgment on the issue of whether Mid-Continent has a duty to defend Davis-Ruiz in the underlying Williamson litigation.

(Id. at p. 4, ¶ 4).

On October 3, 2006, the Court granted Mid-Continent's motion for summary judgment. (C.A. No. C-06-350, D.E. 8).  On October 10, 2006, Davis-Ruiz filed the instant motion for reconsideration

pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and request for oral argument. (C.A. No. C-06-350 at D.E. 9, 10, 11). On October 27, 2006, Mid-Continent filed its response in opposition. (D.E. 12).

### III. Discussion

Davis-Ruiz seeks reconsideration of the Court's summary judgment order finding that Mid-Continent does not have a duty to defend under the terms of the insurance contract. It argues that the Court failed to consider allegations made by Marathon in the Illinois state litigation that would trigger the general coverage provisions of the policy such that coverage would not be excluded, despite any professional services that Davis-Ruiz might have rendered.

### A. Rule 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). A judgment may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law exists; (2) the movant uncovered new evidence that was reasonably unknown prior to the entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted). When entertaining a motion to reconsider, the court may also consider; (1) the reasons set forth by the movant

justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625 626 n. 1 (S.D. Miss 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

**B.   Analysis.**

In the Illinois state lawsuit, Williamson has sued Marathon alleging that it:

(a)   failed to provide Plaintiff with a safe work place;

(b)   failed to provide rigging or support to Plaintiff when using the defective ladder;

(c)   Marathon's contractor, Davis-Ruiz, failed to properly inspect the ladder for defects or structural problems;

(d)   Marathon's contractor, Davis-Ruiz, failed to warn Williamson of the dangerous conditions that existed on the storage tank;

(e)   failed to provide a sufficient cage around the ladder due

>       to the height of the ladder;
>
> (f)   failed to properly repair the damaged or broken ladder by using an epoxy weld prior to the Plaintiff's injury;
>
> (g)   Marathon's contractor, Davis-Ruiz, failed to inspect the worksite for safety;
>
> (h)   failed to provide a ladder that could be safely used on the worksite;
>
> (i)   knew or should have known that the ladder had been broken on a previous occasion and was not properly repaired in such a way that would allow it to handle the weight and continued use;
>
> (j)   Marathon's contractor, Davis-Ruiz, was otherwise negligent in their failure to ensure that the tank ladder was properly supported, repaired and maintained prior to Plaintiff's injury.

(See C.A. No. 06-350, D.E. 9 at 20).

In its third-party complaint, Marathon sued Davis-Ruiz for contribution, (count 1), and indemnity, (count 2), as to the acts and omissions relating to ***inspection*** of the ladder and tank. (See C.A. No. 06-350, D.E. 9 at 25, 26). These are the acts and omissions that were specifically considered by the Court in determining that Davis-Ruiz had provided professional services such that coverage was excluded under the insurance contract with Mid-Continent. (See C.A. 06-350, D.E. 8). Incredulously, Davis-Ruiz argues that because, Marathon "is seeking contribution or indemnification for the full panoply of the Plaintiff's allegations against Marathon...," that the Court should effectively read Marathon's complaint to sue Davis-Ruiz for negligence, premises

liability, and other "substantive" claims so as to trigger liability under the Mid-Continent insurance policy. Following this line of reasoning, Davis-Ruiz argues that the Court failed to consider the allegations in paragraphs 3(a), (b), (e), (f), (h), and (i) in Williamson's Third Amended Complaint, and that, because Williamson is suing Marathon under these theories, Marathon, in turn, is suing it for same causes of action.  Despite the creativeness of this indemnification argument, the Court finds no support in the law for such an overly broad or expansive interpretation.

Marathon's allegations against Davis-Ruiz are based on Davis-Ruiz' providing of professional services inspecting tanks and ladders.  In fact, Davis-Ruiz had a **service** contract with Marathon to inspect its tanks and ladders.  (See C.A. No. C-06-315, D.E. 1, Ex. C).  The Court properly concluded under Texas' eight corners rule that Mid-Continent had no duty to defend Davis-Ruiz against Marathon's claims in the Williamson litigation.

Davis-Ruiz next argues that reconsideration is necessary and proper because on October 10, 2006, Williamson filed a fourth amended complaint in which he raised a new claim against Marathon, failure to supervise its subcontractors, including Davis-Ruiz. (See C.A. No. C-06-350, D.E. 10 at 5). Davis-Ruiz maintains that Williamson's newest allegation triggers coverage under the general liability policy with Mid-Continent.  Purporting to rely on St.

Paul Ins. Co. v. Texas Depart. of Transportation, 999 S.W.2d 881 884-87 (Tex. App.--Austin 1999), Davis-Ruiz argues that a court may separate professional services from other activities, albeit under the same contract, to find that coverage exists.

St. Paul, however, specifically involved an **endorsement for supervision** of the insured's work. Id. at 886. There is no such provision in this case. The additional language in this case states that additional insureds are included, "but only with respect to liability directly attributable to your performance of ongoing operations for that insured." (See C.A. No. C-06-315, D.E. A). There is no language expanding coverage to supervision as in the St. Paul case. The only duty, and only allegations made regarding that duty, relate to the performance of professional services, and those are specifically excluded under the policy, as the Court previously determined.

IV. **Conclusion**

For the reasons set forth above, the Court hereby DENIES Davis-Ruiz' motion for reconsideration and request for oral hearing (D.E. 9, 10, 11).

SIGNED and ENTERED this 31st day of October, 2006.

_____
Janis Graham Jack
United States District Judge